UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAY BRADSHAW,

                Plaintiff,                    **DECISION AND ORDER**

       v.                                      6:21-CV-06604 EAW

PICCOLO, Superintendent, Southport
Correctional Facility, et al.,

                Defendants.
_____

## INTRODUCTION

*Pro se* plaintiff Jay Bradshaw ("Plaintiff") filed this action alleging violations of 42 U.S.C. § 1983. (Dkt. 1; Dkt. 8). Presently before the Court is a motion to dismiss filed by defendants Furney, Hill, Ladoue, Piccolo, S. Post, C. Reinhart, E. Speck, S. White, and Terribilini (collectively "Moving Defendants") pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA") three strikes rule, (Dkt. 29); a motion to dismiss filed by defendants Clark and Furney on grounds that the lawsuit is duplicative (Dkt. 61); Plaintiff's letter motion for an extension of time (Dkt. 104); and Plaintiff's motion to lift the stay currently in place in this case (Dkt. 112). For the following reasons, the motion to dismiss under the PLRA three strikes rule is denied as moot, the motion to dismiss for filing a duplicative lawsuit is granted, the letter motion for an extension of time is denied as moot, and the motion to lift the stay is granted.

- 1 -

## BACKGROUND

On August 11, 2021, Plaintiff filed a complaint in the Northern District of New York (Dkt. 1), arising from incidents that occurred while he was incarcerated at Attica Correctional Facility, Upstate Correctional Facility, Mid-State Correctional Facility, and Southport Correctional Facility. Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP"). (Dkt. 3). The Northern District of New York severed and transferred to this Court the claims in the complaint that involved conduct occurring during Plaintiff's incarceration at Attica Correctional Facility and Southport Correctional Facility. (Dkt. 5).

On January 20, 2022, this Court granted Plaintiff's IFP motion and granted Plaintiff leave to file an amended complaint. (Dkt. 7). Plaintiff filed an amended complaint on February 16, 2022. (Dkt. 8). The Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and determined that the following claims were sufficient to survive initial review and proceed to service: (1) First Amendment retaliation claims against Paucelius, Clark, Furney, and Coons; (2) Eighth Amendment excessive force claims against Terribilini, Teshani, Marshall, Coons, Clark, and Furney; (3) Eighth Amendment failure-to-intervene claim against Schmidt; (4) Eighth Amendment denial of meals claim against Paucelius; (5) Eighth Amendment excessive SHU confinement claims against Piccolo, Hill, White, Post, Reinhart, Speck, Ladoue, and Venettozzi; and (6) Fourteenth Amendment due process claims against Piccolo, Hill, White, Post, Reinhart, Speck, Ladoue, and Venettozzi. (Dkt. 10 at 14-15).

On April 12, 2023, Moving Defendants filed the instant motion to dismiss under the PLRA three strikes rule. (Dkt. 29). Plaintiff submitted a declaration in opposition on May

10, 2023. (Dkt. 45). Moving Defendants filed a reply on May 30, 2023. (Dkt. 50). Plaintiff submitted a sur-reply on June 30, 2023 (Dkt. 77), to which Moving Defendants responded on July 10, 2023 (Dkt. 83).

On June 2, 2023, defendants Clark and Furney filed a motion to dismiss the claims against them on grounds that this lawsuit is duplicative. (Dkt. 61). Plaintiff responded on June 22, 2023. (Dkt. 71).

On August 9, 2023, United States Magistrate Judge Mark W. Pedersen entered an order staying the case pending the outcome of proceedings in the Northern District of New York and the Moving Defendants' motion to dismiss. (Dkt. 94). Plaintiff filed a letter motion for an extension of time on November 25, 2024. (Dkt. 104). On August 7, 2025, Plaintiff filed his motion to lift the stay. (Dkt. 112).

## DISCUSSION

### I. Motion to Dismiss Under the PLRA Three Strikes Rule

"Under the PLRA, prisoner-litigants granted IFP status 'must pay the full amount of the filing fee to the extent they can afford to, as measured by the funds in their prison accounts.'" *Shepherd v. Annucci*, 921 F.3d 89, 94 (2d Cir. 2019) (quoting *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)). "However, the PLRA restricts the availability of IFP status for frequent filers through the 'three-strikes' rule." *Id.* (citing 28 U.S.C. § 1915(g)). "This rule prohibits prisoner-litigants from bringing further actions or appeals IFP if they have brought at least three prior actions that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief could be granted." *Id.* (cleaned up).

"Once three of an indigent prisoner's lawsuits have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, the prisoner must pay the standard filing fee if he wishes to file additional lawsuits." *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009). "Plaintiff may not bring [an] action without paying the filing fee absent allegations of 'imminent danger of serious physical injury.'" *Stanley v. Carrero*, No. 3:24-CV-1917 (MPS), 2025 WL 509347, at *1 (D. Conn. Feb. 14, 2025) (citing *Pettus*, 554 F.3d at 297).

Here, Plaintiff filed a motion for leave to proceed IFP. (Dkt. 3). The Court granted Plaintiff's motion, finding that, although Plaintiff had garnered three strikes, he was under imminent danger of serious physical injury. (Dkt. 7 at 2-4). Moving Defendants then filed the instant motion to revoke Plaintiff's IFP status and dismiss his claims under the PLRA three strikes rule. (Dkt. 29). On February 18, 2025, Plaintiff paid the filing fee. Because Plaintiff has submitted the filing fee, Moving Defendants' motion to dismiss is denied as moot. *Harrison v. Nelson*, No. 19-CV-151SI(F), 2021 WL 5167714, at *2 (W.D.N.Y. Oct. 6, 2021), *report and recommendation adopted*, No. 19-CV-151JLSLGF, 2021 WL 5166605 (W.D.N.Y. Nov. 4, 2021) ("On February 12, 2021, however, Plaintiff paid the court's filing fee. Accordingly, insofar as Defendants' Motion seeks to revoke Plaintiff's IFP status and to dismiss the Amended Complaint, Defendants' Motion is DISMISSED as moot."); *Jones v. Fischer*, No. 9:10-CV-1331 GLS/ATB, 2013 WL 5441353, at *2 (N.D.N.Y. Sept. 27, 2013) ("Defendants initially made a motion to dismiss, based upon their allegation that plaintiff had 'three strikes' pursuant to 28 U.S.C. § 1915(g) and

- 4 -

therefore, should not be entitled to proceed in forma pauperis. . . . The defendants' motion was rendered moot when plaintiff paid the filing fee on December 1, 2011.").

## II.     Motion to Dismiss as Duplicative

Defendants Clark and Furney move to dismiss Plaintiff's claims against them in this matter on grounds that the claims are duplicative of those asserted in another lawsuit Plaintiff filed, *Bradshaw v. Piccolo, et al.*, No. 6:20-cv-06106-EAW-MJP (W.D.N.Y. 2020), because both lawsuits arise from allegations that Clark and Furney attacked Plaintiff on January 18, 2020.  (Dkt. 61-2 at 2).

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Keaton v. Dep't of Rehab. Servs.*, No. 3:17-CV-1492 (MPS), 2018 WL 3677899, at *3 (D. Conn. Aug. 2, 2018) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)).  "Simple dismissal is a common disposition of a second-filed, duplicative suit, as plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* (cleaned up).  "To determine whether a suit is duplicative, we borrow from the test for claim preclusion." *DiGennaro v. Whitehair*, No. 09-CV-6551-CJS-MWP, 2010 WL 4116741, at *2-3 (W.D.N.Y. Oct. 19, 2010), *aff'd*, 467 F. App'x 42 (2d Cir. 2012) (citing *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007)). "[C]ourts determining whether litigation is duplicative consider 'whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations.'" *Keaton*, 2018 WL 3677899, at *3 (citation omitted).

In response to Clark and Furney's motion to dismiss, Plaintiff states that he does not oppose dismissal of these defendants. (Dkt. 71). Accordingly, the unopposed motion to dismiss filed by Clark and Furney is granted and all claims against them are dismissed.

### III.     Letter Motion for an Extension of Time

In his letter motion, Plaintiff requests three additional weeks "to provide the Court with copies of all documents and [e]xhibits mentioned in [his] response to the Defendant's [m]otion for summary [j]udgment." (Dkt. 104 at 1). A motion for summary judgment is not pending before the Court. Further, even if these documents were related to the motions to dismiss, as explained above, one motion to dismiss is denied as moot and the other is unopposed. Accordingly, Plaintiff's letter motion for an extension of time to file additional documents is denied as moot.

### IV.     Motion to Lift Stay

Plaintiff submitted a letter appeal of Magistrate Judge Pedersen's Text Order (Dkt. 111), which denied Plaintiff's motion to lift the stay in this case and request for a telephone conference on grounds that Moving Defendants' motion to dismiss and a similar motion in the Northern District of New York proceeding remained pending. (Dkt. 112 at 1). Plaintiff argues that the issues warranting the stay of this case are now moot. (*Id.*). The Court agrees that in light of the resolution of all pending issues, lifting the stay imposed is appropriate. Plaintiff's motion is accordingly granted.

### CONCLUSION

For the foregoing reasons, Moving Defendants' motion to dismiss pursuant to the three strikes rule (Dkt. 29) is denied as moot, Clark and Furney's motion to dismiss the

- 7 -

lawsuit as duplicative (Dkt. 61) is granted, Plaintiff's letter motion for an extension of time (Dkt. 104) is denied as moot, and Plaintiff's motion to lift the stay (Dkt. 112) is granted. The Clerk of Court is instructed to terminate Clark and Furney as defendants in this action and lift the stay in this case.

    SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:    August 25, 2025
          Rochester, New York